UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                      Case No. 8-18-70983-las

Damon Alfau,
                                                                                     Chapter 13
                         Debtor.
-------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING
## REQUEST TO REOPEN DEBTOR'S CHAPTER 13 CASE

Before the Court is the application, filed on March 7, 2024 ("Application") [Dkt. No. 24], by Damon Alfau ("Debtor"), proceeding *pro se*, seeking to reopen his chapter 13 case[1] more than six years after the case was dismissed pursuant to 11 U.S.C. § 521(i).[2] The Debtor asks that the chapter 13 case be reopened to confirm that the automatic stay was in effect and precluded the sale of real property located at 1050 Waverly Avenue, Holtsville, NY ("1050 Waverly"). The Court entered an Order on March 8, 2024 [Dkt. No. 25] scheduling a hearing on April 2, 2024 ("Hearing") to consider the relief requested in the Application. The Debtor appeared at the Hearing. No opposition to the Application was filed and no party in interest appeared at the Hearing.[3] The Court carefully considered the Debtor's submission and

---

[1] As set forth below, the chapter 13 case at issue was filed on February 15, 2018 and was the first of five chapter 13 cases filed by the Debtor. Four cases were automatically dismissed because the Debtor failed to file the information and documents required by 11 U.S.C. § 521(a) and the fifth case was dismissed because the Debtor failed to file the required photo identification.

[2] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)".

[3] The Debtor served a copy of the Court's March 8, 2024 scheduling order on Rosicki & Rosicki and Marianne DeRosa, the Chapter 13 Trustee. Rosicki & Rosicki is not listed as a creditor on the Debtor's mailing matrix. The Court takes judicial notice that the firm Rosicki, Rosicki & Associates did appear in the Debtor's second chapter 13 case as counsel to Federal Home Loan Mortgage Corporation. Rosicki, Rosicki & Associates is defunct, and Marianne DeRosa has since retired. *See Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Talley v. LoanCare Servicing, Div. of FNF*, 16-CV-5017 (JMA) (AKT), 2018 WL 4185705, at *1 (E.D.N.Y. Aug. 31, 2018) (noting that a federal court "may take judicial notice of public records, including state court filings").

1

arguments and, for the reasons set forth on the record at the Hearing, concluded that the Debtor's request to reopen his chapter 13 case must be denied.[4]

The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

I.  Background and Procedural History

   A.  Debtor's First Bankruptcy Case

The Debtor's first chapter 13 case, which the Debtor now seeks to reopen, was filed on February 15, 2018. In the chapter 13 petition, the Debtor listed l046 Waverly Avenue, Holtsville, New York 11742 ("1046 Waverly") as his residence. [Dkt. No. 1]. A copy of his driver's license[5] provided at the time he filed his chapter 13 petition listed an address in Brentwood, NY 11717. [Dkt. No. 3]. The Debtor did not list the Brentwood address on his chapter 13 petition even though the form requests that a debtor provide a mailing address if it is different from where a debtor resides. The only creditor listed by the Debtor on the creditors mailing matrix was Wells Fargo, N.A. with a street address located in San Francisco, California. [Dkt. No. 1].

At the Hearing, the Debtor stated that a foreclosure sale of 1050 Waverly was scheduled for February 15, 2018, the same day as the filing of his first chapter 13 case.[6] The Debtor maintains that the sale should not have proceeded as his chapter 13 filing implicated

---

[4] This Memorandum Decision and Order is consistent with and explains further the bases of the Court's ruling at the Hearing.

[5] Administrative Order No. 653 requires any individual debtor not represented by an attorney to provide an acceptable photo identification at the time of filing. The identification must be current and legible.

[6] The scheduled foreclosure sale of 1050 Waverly was not referenced in the Debtor's chapter 13 petition.

2

the automatic stay and precluded a sale of 1050 Waverly on February 15, 2018 because on March 19, 2018, more than a month after the Debtor filed his chapter 13 petition, he filed a notice of change of address [Dkt. No. 14] from 1046 Waverly to 1050 Waverly. The Debtor did not file any pleadings notifying the Court that a foreclosure sale of 1050 Waverly occurred on February 15, 2018, nor did he request entry of an order that the foreclosure sale of 1050 Waverly was stayed because of the filing of the notice of change of address. Nor did he raise this issue in any of the four subsequent chapter 13 cases he filed between October 2018 and December 2022.

On April 3, 2018, the Clerk's Office requested a judicial determination whether the chapter 13 case should be dismissed pursuant to § 521(i)[7] because the Debtor failed to file all information and documents required by § 521(a)(1) and neither requested nor obtained an extension of time to do so.[8] [Dkt. No. 15]. Because the Debtor failed to comply with § 521(a)(1), the Court entered an order directing the Clerk's Office to dismiss the case. [Dkt. No. 16]. Thereafter, the Clerk's Office docketed and sent a "Notice of Automatic Dismissal of Case under Bankruptcy Code § 521(i)(1)" to the Debtor, the chapter 13 trustee, and all creditors notifying the parties that the case is dismissed effective as of the 46th day after the filing of the chapter 13 petition, i.e., April 2, 2018. [Dkt. No. 17].

---

[7] Section 521(i)(1) provides in relevant part:

> if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under [section 521(a)(1)] within 45 days after the date of the filing of the petition, the case shall be *automatically* dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i)(1) (emphasis added).

[8] The Debtor also failed to pay the balance of the bankruptcy filing fee.

3

B. Debtor's Second Bankruptcy Case

On October 1, 2018, six months after dismissal of his first chapter 13 case, the Debtor filed his second chapter 13 case, Case No. 18-76590. The Debtor's creditors mailing matrix listed only Federal Home Loan with a street address located in McLean, Virginia. Despite having his first chapter 13 case dismissed for failure to file all information and documents required by § 521(a)(1), this second filing suffered from the same deficiency. It was a bare bone, skeletal filing. Additionally, the Court denied the Debtor's application to pay the filing fee in installments due to his failure to pay the filing fee in his first chapter 13 case in full and directed that he pay the balance of the filing fee by no later than October 10, 2018. The Debtor did not pay the balance of the filing fee.

The lone activity in the Debtor's second chapter 13 case stemmed from a sale of 1050 Waverly. As noted above, a foreclosure sale of 1050 Waverly was held on February 15, 2018 at which Federal Home Loan Mortgage Corporation a/k/a Freddie Mac ("Freddie Mac"), the mortgagee, purchased the real property. On November 9, 2018, Freddie Mac filed a motion seeking relief from the automatic stay as to 1050 Waverly to continue a state court eviction proceeding against those occupying 1050 Waverly ("Stay Relief Motion"). The Stay Relief Motion was served on the Debtor, Diane Alfau, Richard Alfau, Jane Doe, John Doe, and John Doe No. 1 at 1050 Waverly, and was also served on the trustee and the Office of the United States Trustee. As set forth in the Stay Relief Motion, 1050 Waverly was owned by the Debtor's parents, Diane and Richard Alfau. Richard Alfau executed a mortgage note on January 21, 2008, and he and Mrs. Alfau contemporaneously executed a mortgage pledging 1050 Waverly as security for the note. Diane and Richard Alfau were named parties to the state court foreclosure action in which a Judgment of Foreclosure and Sale was entered on November 30, 2017. The caption of the Judgment of Foreclosure and Sale named Diane Alfau,

4

Richard Alfau, Americana Petroleum Corporation, and Jacklyn Doe (Last Name Refused) as defendants. The caption does not list the Debtor as a named party to the foreclosure action.

After the purchase of 1050 Waverly at the foreclosure sale, Freddie Mac served a 90-day Notice to Quit and when the occupants failed to vacate the premises, Freddie Mac commenced a holdover proceeding in state court. The state court granted Freddie Mac a Judgment of Possession and Warrant of Eviction on August 8, 2018, but stayed eviction through August 17, 2018. The eviction was thereafter automatically stayed by the Debtor's second chapter 13 filing. Freddie Mac moved to lift the automatic stay to proceed with the eviction proceeding. The Debtor did not file any opposition to the Stay Relief Motion, nor did he contest the sale of 1050 Waverly at any point during his second bankruptcy case. Before the Stay Relief Motion could be heard by the Court, the Debtor's second chapter 13 case was dismissed on November 16, 2018 pursuant to § 521(i) because he failed to file all information and documents required by § 521(a)(1).

C. Debtor's Third Bankruptcy Case

On May 21, 2019, seven months after dismissal of his second chapter 13 case, the Debtor filed his third chapter 13 petition, Case No. 19-73714. The chapter 13 filing triggered the automatic stay. Thus, any eviction proceeding against the Debtor with respect to 1050 Waverly was thereupon stayed. Other than filing the petition, creditors mailing matrix, photo identification and an application to pay the filing fee in installments, the Debtor did not file any other documents in this third case. The Court denied his application to pay the filing fee in installments due to his failure to pay the filing fees in full in his prior chapter 13 cases and directed him to pay the balance of the filing fee in full by June 4, 2019. The Debtor did not do so. Because the Debtor failed to file all information and documents required by § 521(a)(1), the Debtor's third chapter 13 case was dismissed pursuant to § 521(i) on July 8, 2019.

D. Richard Aflau's Bankruptcy Case

On February 10, 2020, Richard Alfau filed for chapter 13 relief, Case No. 8-20-70866. Richard Alfau listed his residence as 1046 Waverly Avenue, Holbrook, NY 11784.[9] Accompanying the petition is the *Declaration of Pro se Debtor(s)* which lists Richard Alfau as having an address of 33 King Ave., Selden, New York 11784. Richard Alfau's driver's license, which was issued October 16, 2019, lists the 33 King Ave., Selden, New York address.[10] Because Richard Alfau failed to file all information and documents required by § 521(a)(1), his chapter 13 case was dismissed pursuant to § 521(i) on March 27, 2020.

E. Debtor's Fourth Bankruptcy Case

The Debtor filed his fourth chapter 13 case on June 29, 2022, Case No. 8-22-71587, listing 1050 Waverly as his address. His driver's license, which was issued in 2021, still lists the Brentwood address.[11] The chapter 13 petition did not list a separate mailing address from 1050 Waverly. This fourth filing triggered the automatic stay. Thus, any eviction proceeding against the Debtor with respect to 1050 Waverly was again stayed.

On August 2, 2022, the chapter 13 trustee filed a motion to dismiss the case with prejudice to filing another chapter 13 case for 180 days due to the Debtor's three prior filings, all of which were dismissed pursuant to § 521(i). Before the motion could be heard by the Court, the chapter 13 case was dismissed pursuant to section § 521(i) on August 15, 2022

---

[9] The Debtor's first chapter 13 petition listed the 1046 Waverly property as being in Holtsville, New York 11742 as opposed to Holbrook, New York 11784. It appears that Richard Alfau incorrectly listed his own address.

[10] The Court takes judicial notice that Diane C. Alfau filed a chapter 13 petition on April 25, 2016, under Case No. 8-16-71796, listing 33 King Avenue, Selden, NY 11784 as her residence. Mrs. Alfau also listed ownership interest in three other parcels of property on her Schedule A/B aside from her Selden residence – 157 S. 6th Street, Lindenhurst, NY; 1050 Waverly Avenue, Holtsville, NY; and 1046 Waverly Avenue, Holtsville, NY. Mrs. Alfau's bankruptcy case was dismissed on July 22, 2016 on the chapter 13 trustee's motion for failure to provide required documentation.

[11] The Debtor's Brentwood address is also the business address for Multiple Fuel Services, Inc. Diane Alfau disclosed a 100% ownership in Multiple Fuel Services, Inc. on her bankruptcy Schedule B, and disclosed on her bankruptcy Schedule I that she has been employed as an office manager there for 35 years and Richard Alfau has been employed as a general manger there for 40 years.

6

because the Debtor, for the fourth time and fully aware of the consequences, failed to file all information and documents as required by § 521(a)(1).

### F. Debtor's Fifth Bankruptcy Case

On December 13, 2022, four months after dismissal of his fourth bankruptcy case, the Debtor filed his fifth chapter 13 petition, Case No. 8-22-73540. In the petition, the Debtor again listed 1050 Waverly as his address. For the required photo identification, the Debtor provided a driver's license that expired in May 2020 with the Brentwood address, although he did not list the Brentwood address in his petition. Because the Debtor submitted an expired driver's license, a notice of deficiency concerning the photo identification was issued by the Clerk's Office on December 13, 2022, giving him 14 days to provide an acceptable photo identification.[12] The Debtor failed to provide the requisite photo identification. Accordingly, the chapter 13 case was dismissed on December 29, 2022.

### G. Current Proceedings

The Debtor seeks to reopen his first chapter 13 case more than six years after the case was dismissed under § 521(i) because he failed to file all information and documents required by § 521(a)(1). The Debtor asks that the case be reopened to confirm that the automatic stay was in effect and precluded the sale of real property located at 1050 Waverly.

At the April 2, 2024 Hearing the Debtor admitted that at the time he filed his first chapter 13 case 1050 Waverly was owned by his parents, Richard and Diane Alfau. Nevertheless, he maintains that he resided at the property and the Brentwood address listed on his driver's license is only a mailing address. The Debtor argues that he mistakenly listed 1046 Waverly as his home address in his first chapter 13 petition and that he subsequently corrected the mistake by filing a notice of change of address. The Debtor claims, without any

---

[12] The Court takes judicial notice that the Debtor previously provided a driver's license issued in 2021 for his fourth bankruptcy case.

7

evidentiary support, that there was an oral agreement with his parents for him to purchase 1050 Waverly. Alternatively, he argues that even if there is no such agreement and if he was only a tenant, the foreclosure sale of 1050 Waverly should have been canceled merely because he, as a tenant, filed for bankruptcy relief. As the Court noted at the Hearing, while the automatic stay was implicated when the Debtor filed his first chapter 13 case, there is nothing in the evidentiary record to support the conclusion that the automatic stay would have impacted the foreclosure sale of 1050 Waverly on February 15, 2018. As noted above, the scheduled foreclosure sale was not listed in the Debtor's chapter 13 petition, and the Debtor did not seek a determination that the sale was stayed upon filing his first chapter 13 case. Additionally, the Debtor did not raise this issue in the four subsequent chapter 13 cases he filed.

For the following reasons, the Debtor's request to reopen his first chapter 13 case is denied on substantive and procedural grounds.

II.    Discussion

    A.  11 U.S.C. § 350(b)[13]

Courts in this district permit a bankruptcy case to be reopened pursuant to § 350(b) only if the bankruptcy case was properly closed pursuant to § 350(a). *In re Olejnik*, No. 09-76714-AST, 2010 WL 4366183, at *3 (Bankr. E.D.N.Y. Oct. 28, 2010) (citing *In re Wassah*, 417 B.R. 175, 182 (Bankr. E.D.N.Y. 2009); *Critical Care Support Servs. v. United States (In re Critical Care Support Servs.)*, 236 B.R. 137, 140-41 (E.D.N.Y. 1999)). Section 350(b) provides "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Section 350(a), in

---

[13] The Debtor did not cite § 350(b) as the basis for his request to reopen this long-dismissed bankruptcy case. However, because *pro se* pleadings are held to a less stringent standard and are "to be liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court treats the Application to reopen under § 350(b).

turn, provides that a case shall be closed "[a]fter an estate is fully administered and the court has discharged the trustee." 11 U.S.C. § 350(a). A case that is automatically dismissed under § 521(i) is not "fully administered" and "closed" pursuant to § 350(a). Thus, a bankruptcy case that has not been fully administered and closed cannot be reopened under § 350(b). *Olejnik*, 2010 WL 4366183, at *3; *Critical Care Support Servs.*, 236 B.R. at 140-41 (noting that § 350(b) was not implicated where the debtor's bankruptcy petition was dismissed as opposed to closed within the meaning of § 350(a).).

While the Debtor urges the Court to reopen this chapter 13 case, there is and can be no dispute that the case was automatically dismissed under § 521(i) because the Debtor failed to file all information and documents required by § 521(a)(1). There is and can be no dispute that the bankruptcy estate, therefore, was not fully administered and closed pursuant to § 350(a). Accordingly, the Court cannot reopen this chapter 13 case under § 350(b).

B. Reconsideration of Dismissal Order

In deference to the Debtor's *pro se* status, the Court also deems the Application as a request for relief from the Order, entered on April 3, 2018 (the "Dismissal Order"), dismissing the chapter 13 case under § 521(i). The Court considers such request for substantive relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure as made applicable to this bankruptcy case by Bankruptcy Rules 9023 and 9024, respectively.

Bankruptcy Rule 9023 provides that a motion to alter or amend a judgment under Rule 59 shall be filed no later than 14 days after entry of judgment. There is and can be no dispute that the Debtor did not timely file a request for relief under Bankruptcy Rule 9023. The Dismissal Order was entered on April 3, 2018, and the Application was filed with the Court on March 7, 2024. Because the Application was not filed within 14 days after entry of the Dismissal Order, it is an untimely request for relief under Bankruptcy Rule 9023. The Court, however, will consider the request for relief under Rule 60(b).

9

"[A] motion to reopen or reinstate a bankruptcy case that has been dismissed is in reality a motion from relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60." *Wassah*, 417 B.R. at 182-83. Rule 60(b) governs motions seeking relief from a final judgment, order, or proceeding. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (although Rule 60(b) "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.' . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.") (internal citations omitted). Rule 60(b) sets forth six grounds for relief:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b). While Rule 60(b)(6) appears to broadly grant relief, "the Rule is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer*, 793 F.2d at 63 (internal citations omitted).

Rule 60(c) provides that a motion seeking relief under Rule 60(b) must be brought within a "reasonable time" and for relief under Rule 60(b)(1), (2) or (3), the motion must be made within a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c). However,

Bankruptcy Rule 9024 provides that the one-year limitation prescribed in Rule 60(c) is not applicable to a motion to reopen a case under the Bankruptcy Code. As such, a motion to reopen a case under the Bankruptcy Code premised on Rule 60(b)(1)-(6) must be made within a reasonable time. "The Second Circuit has held that a movant must show 'highly convincing' evidence supporting the motion, good cause for failing to act sooner, and that granting the motion would not cause undue hardship on the other party." *Wassah*, 417 B.R. at 183 (citing *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). In considering the timeliness of a Rule 60(b) motion, the Second Circuit examines "the particular circumstance of each case and 'balance the interest in finality with the reasons for the delay.'" *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (quoting *Kotlicky*, 817 F.2d at 9). "In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts." *Id.*, at 191.

Here, the Debtor's request to reopen his first chapter 13 case was filed on March 7, 2024, six years after the bankruptcy case was automatically dismissed under § 521(i) because he failed to file all information and documents required by § 521(a)(1). The Debtor is not seeking to reopen his long-ago dismissed chapter 13 case to file the requisite information and documents and seek reorganization under chapter 13 to repay his debts.[14] Rather, he seeks to reopen the long-ago dismissed chapter 13 case to confirm that the automatic stay was in effect and precluded the sale at foreclosure of 1050 Waverly. This, he maintains, despite not referencing the foreclosure sale in his first chapter 13 filing or raising this issue at any time over the last six years. Of significance is the fact that in the face of a motion brought by

---

[14] The Court observes that a request to reopen a chapter 13 case made more than six years after the case was commenced (here, February 15, 2018) to permit the Debtor to file the requisite information and documents and a chapter 13 plan would not be granted under the circumstances because the maximum five-year period to confirm and complete a plan of reorganization under chapter 13 has lapsed. 11 U.S.C. § 1325(b)(4).

11

Freddie Mac, the purchaser of 1050 Waverly at the foreclosure sale, in the Debtor's second chapter 13 case seeking relief from the stay to continue eviction proceedings against the Debtor, the Debtor neither filed opposition to the motion nor a motion contesting the sale of 1050 Waverly as being improper.

The lapse of time, more than six years, coupled with the Debtor's failure to raise any challenge to the foreclosure sale of 1050 Waverly in any of his five chapter 13 cases, including when confronted with a stay relief motion to continue an eviction proceeding, preclude any finding that the Debtor brought the Application within a reasonable period. As noted above, the foreclosure sale took place on February 15, 2018,[15] the day the Debtor commenced his first chapter 13 case in which he claimed his residence as 1046 Waverly. While he asserts that the 1046 Waverly address listed in his chapter 13 petition as his residence was a mistake, he did not file a change of address until more than a month after the chapter 13 case was filed and 1050 Waverly was sold. It bears repeating that the Debtor did not seek a determination as to whether his first bankruptcy filing stayed the foreclosure sale of 1050 Waverly when he filed his change of address or at any other time during the short life of his chapter 13 case. The Debtor has not provided any reasonable explanation for his delay in bringing the Application to reopen his long-ago dismissed chapter 13 case notwithstanding ample opportunity and time to do so. In particular, the Debtor has not presented any set of circumstances beyond his control that precluded a timely motion to reopen this chapter 13 case to protect any claimed interest. His silence in each of his five chapter 13 cases speaks volumes.

Because the Debtor has not met his burden of proving that relief under Rule 60(b) was timely filed, the Court need not address each of the six grounds for relief provided by Rule

---

[15] There is nothing in the evidentiary record disclosing what time the foreclosure sale occurred.

60(b). However, the Court observes that the Debtor has not set forth any argument or factual support sufficient for the Court to analyze the six grounds for relief, including under the "catch-all" category of Rule 60(b)(6) which requires extraordinary circumstances. *Nemaizer*, 793 F.2d at 63 (noting that Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief.").

Although the Debtor has not demonstrated extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6), any claim that such extraordinary circumstances are indeed present and have caused the Debtor to suffer extreme hardship is belied by his lack of diligence. He did not raise the issue regarding the implication of the automatic stay as to 1050 Waverly in his first bankruptcy case and likewise failed to do so in the four subsequent bankruptcy cases he filed over a six-year period. *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005) (finding that the petitioner's lack of diligence in seeking a review of the denial of a certificate of appealability regarding the dismissal of a late federal habeas petition when there was a change in law showed no extraordinary circumstances existed that would justify relief from judgment.). Moreover, the Court is unable to weigh any injustice or prejudice to the current owner of 1050 Waverly. It does not appear that the Debtor served the Application on the current owner of 1050 Waverly. The Debtor only served the defunct law firm that represented the entity that purchased 1050 Waverly[16] and the former chapter 13 trustee who has since retired.

Additionally, in considering the Application to reopen the chapter 13 case as a request to vacate the Dismissal Order, the Court notes that the Debtor has not provided any authority pursuant to which this Court may vacate a § 521(i) statutory dismissal under Rules 59(e) or 60(b).

---

[16] There is no information in the record as to whether the purchaser of 1050 Waverly at the foreclosure sale is still the current owner.

Section 521(i) provides in relevant part:

> if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be *automatically* dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i) (emphasis added).

Case law dictates that a rule of procedure will not override a statutory dismissal.

> Section 521(i)(1) does not require any action by the court or anyone else. Much like Cinderella's pumpkin at midnight, if the required information has not been filed by the statutory deadline the magic ends and the case is automatically dismissed by operation of law on day 46. . . . Since the dismissal is not an act or decision of the court, there is nothing to "reconsider" or, in the language of Rule 59, nothing to alter or amend. Similarly, there is no order or judgment that the court can give relief from, due to some kind of mistake, surprise, or excusable neglect, so that the debtor can have a second chance to do things right. The language of the statute is clear and simple, "the case shall be dismissed on the 46th day" and the court has no discretion to do otherwise.

*In the Matter of Lugo*, 592 B.R. 843, 846 (Bankr. N.D. Ind. 2018) (internal citations omitted). "[A] statute written by Congress almost always takes precedence over the rules of procedure established by the Judiciary." *In re Young*, No. 06-80397, 2006 WL 3524482, at *3 (Bankr. S.D. Tex. Dec. 6, 2006). Indeed, Congress specifically provides that the Bankruptcy Rules "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. "Quite simply, an automatic statutory dismissal is not the kind of action contemplated by Rule 60(b) and therefore cannot form the basis for any relief requested under Rule 60(b). Even if it were, however, Rule 60(b) cannot be used to bypass the strict statutory scheme established by § 521(a)(1) and (i)." *In re Wilkinson*, 346 B.R. 539, 546 (Bankr. D. Utah 2006). Nor can the Court vacate a statutory dismissal just to produce an equitable result. "The Court simply cannot do violence to a specific statutory scheme in the name of equity." *Wilkinson*, at 545

(noting that while § 105(a) authorizing the court to fashion such orders to further substantive provisions of the Bankruptcy Code, it "does not . . . empower the courts to act as roving commission to do equity.") (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court denies the Debtor's Request to reopen this chapter 13 case.

So ordered.



Dated: May 7, 2024
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge